# Exhibit B

10/24/2023 9:52 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 80897926
By: Taiasha Bradford
Filed: 10/24/2023 9:52 AM

# Marilyn Burgess
## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

**CASE NUMBER:** 202369697          **CURRENT COURT:** 151ST Court  _____

**Name(s) of Documents to be served:** Plaintiff's Original Petition Jury Demand And Request For Disclosures

**FILE DATE:** October 9, 2023

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** THE DOW CHEMICAL COMPANY

Address of Service: 1999 Bryan St., Suite 900

City, State & Zip: Dallas, TX 75201-3136

Agent (if applicable) CT Corporation

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

- [x] **Citation**
- [ ] **Citation by Posting**
- [ ] **Citation by Publication**
- [ ] **Citations Rule 106 Service**
- [ ] **Citation Scire Facias**     Newspaper_____
- [ ] **Temporary Restraining Order**
- [ ] **Precept**
- [ ] **Notice**
- [ ] **Protective Order**
- [ ] **Secretary of State Citation ($12.00)**
- [ ] **Capias** (not by E-Issuance)
- [ ] **Attachment** (not by E-Issuance)
- [ ] **Certiorari**
- [ ] **Highway Commission ($12.00)**
- [ ] **Commissioner of Insurance ($12.00)**
- [ ] **Hague Convention ($16.00)**
- [ ] **Garnishment**
- [ ] **Habeas Corpus** (not by E-Issuance)
- [ ] **Injunction**
- [ ] **Sequestration**
- [ ] **Subpoena**
- [ ] **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** (check one):
- [ ] **ATTORNEY PICK-UP (phone)** _____
- [x] **E-Issuance by District Clerk**
- [ ] **MAIL to attorney at:** _____  **(No Service Copy Fees Charged)**
- [ ] **CONSTABLE**
- [ ] **CERTIFIED MAIL by District Clerk**

*Note*: The email registered with EfileTexas.gov must be used to retrieve the E-Issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.

- [ ] **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____ Phone: _____
- [ ] **OTHER**, *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: Alfonso Kennard Jr. and Eddie Hodges Jr.

Mailing Address: 5120 Woodway Dr., Suite 10010, Houston TX 77056

Phone Number: 713-742-0900

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Eddie Hodges on behalf of Alfonso Kennard
Bar No. 24036888
eddie.hodges@kennardlaw.com
Envelope ID: 80897926
Filing Code Description: Request
Filing Description: Request for Issuance of Service
Status as of 10/24/2023 11:20 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Alfonso Kennard | | Alfonso.kennard@kennardlaw.com | 10/24/2023 9:52:26 AM | SENT |
| Eddie RobertHodges Jr | | eddie.hodges@kennardlaw.com | 10/24/2023 9:52:26 AM | SENT |
| Alfonso Kennard | | filings@kennardlaw.com | 10/24/2023 9:52:26 AM | SENT |

10/9/2023 11:09 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 80377773
By: Wanda Chambers
Filed: 10/9/2023 11:09 AM

CAUSE NO. _____

| | | |
|---|---|---|
| **CHRISTY THOMAS BUNKER,** *Plaintiff,* | § § § | IN THE DISTRICT COURT |
| v. | § § | _____ JUDICIAL DISTRICT |
| **THE DOW CHEMICAL COMPANY,** *Defendant.* | § § § § § | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE DISTRICT COURT JUDGE:**

Plaintiff Christy Thomas Bunker (hereinafter, "Plaintiff" on "Ms. Thomas Bunker") files this, her Original Petition against Defendant The Dow Chemical Company (hereinafter, "Defendant" or "Dow"), in the above-styled and numbered cause and will respectfully show onto the Court as follows:

### I. DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level Two, as described in Rule 190.3 of the Texas Rules of Civil Procedure.

### II. PARTIES AND SERVICE

2. Plaintiff Christy Thomas Bunker is a citizen of Texas residing in Harris County, Texas.

3. Defendant The Dow Chemical Company is a foreign for-profit corporation. Defendant may be served with process by serving its registered agent CT Corp. System at 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

### III.  JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to Chapter 21 of the Texas Labor Code as Plaintiff's causes of action arise under a state statute, namely the Texas Commission on Human Rights Act, Tex. Lab. Code § 21.056 et al ("TCHRA").

5. Venue is proper in Harris County, Texas, pursuant to the Texas Civil Practice and Remedies Code § 15.002, as all or a substantial part of the events or omissions giving rise to this claim occurred in this county.

### IV.  NATURE OF THE ACTION

6. This is an action brought pursuant to the TCHRA on the grounds that Plaintiff was subjected to discrimination on the basis of age in violation of the TCHRA, and subsequently retaliated against for engaging in protected activity in violation of the TCHRA.

### V.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. All conditions precedent to jurisdiction have occurred or been complied with: a Charge of Discrimination was jointly filed with the Equal Employment Opportunity Commission. Plaintiff filed her EEOC Charge on December 10, 2021. Plaintiff files this lawsuit within two years from the filing of her administrative complaint with the EEOC, as required under the TCHRA. Therefore, all conditions precedent has been met.

### VI.  FACTS

8. Plaintiff is a fifty-three-year-old female, (NP/PA), working in the Texas Gulf Coast Region's Occupational Health Service Centers (OH) for Dow Chemical, as the Houston Hub's Senior Health Service Manager (Leader). Plaintiff was hired on June 18, 2018.

9. On February 24, 2021, during her 2020 annual performance review, Plaintiff was unjustifiably placed on a Performance Improvement Plan by her director (People Leader (PL)),

2

Dr. Suarez, (attended by his PL, Dr. Gibson) who have no knowledge of her day-to-day activity or management of my team. Plaintiff had never received a verbal or written warning for a single reprimand and HR does not have any records supporting these allegations.

10. During the performance review, Dr. Suarez was not able to provide examples to support allegation of Plaintiff's alleged poor communication in 2020, nor the alleged lack of teamwork, delegation, and prioritization efforts. Dr. Suarez and Dr. Gibson stated the referral reviews from her coworkers and peers are confidential. However, they failed to mention that Plaintiff had 2 "positive" reviews posted in workday these were not even acknowledged in the review. The doctors repetitively stated, "no one has a good thing to say about you". Plaintiff's team RN's review was confidential. Plaintiff met one on one with her RN to discuss and provided copy of her review to her. Plaintiff contacted her other 5 peers who did not provide the requested review feedback in the business of their roles, Plaintiff did confirm with each person that she had not offended or been unprofessional at any time. Each person confirmed no information of concern had been sent to her people leader. The most common comment was "you have never had OH leadership support". Plaintiff's review also did not provide any examples with SMART goals (specific, measurable, achievable, reasonable, and time bound).

11. Since Plaintiff began working at DOW, she has had little rapport with Dr. Suarez, the current People Leader. Plaintiff had discussions with HR, Danny Negrotto, and Ethics, Laverne Thompson (retired from Dow), early 2019, reporting her concerns for group retaliation, or "mobbing" from Dr. Suarez and his Freeport team. No resolution or action was ever taken.

12. Plaintiff reported her concerns of her unfair evaluation to HR on February 28, 2021, HR consulted Ethics who initiated an investigation. On April 19, 2021, investigator Kathleen Reder indicated that, "Dow has investigated this matter by speaking individually with you and others

3

identified as either having participated in or possessing knowledge of the alleged events that gave rise to your concerns. Any additional information about the investigation and results are confidential and further details will not be disclosed." Late April 2021, Reder informed her (via phone) "You will continue to report to Dr. Suarez, your PL; You will respect him and understand his expectations as well as the expectations of OH". The details of the investigation where not disclosed to her and Plaintiff still has to attend weekly one on one meetings with Dr. Suarez who was the main subject of her complaints.

13.     Furthermore, the HHUB OH team was to implement an On-Call Matrix by January 25, 2021 (7 days after Plaintiff returned from a FMLA/medical leave of absence). The deadline was extended for the HHUB into February due to HHUB site leadership halting the process, as the site was excluded from the Gulf Coast pilot. In February 2021, the matrix indicated her call would cover July 5th (July 4th Dow Holiday), Labor day,(September 6th), the week of Thanksgiving (Nov 25, 26 (Dow Holidays) and due to "every other Friday off (EOFO), Nov 24), and again for the week of Christmas (Dec 24, 25, and with Holiday and EOFO, Dec 22- 25). This is 6 of the 7 Dow Holidays in the last 6 months of 2021. OH employees do not receive compensation for taking call. Plaintiff brought her concerns to a meeting, and it was construed as negativity and being resistant to change. Dow's "psychological safety" criteria is violated here (Plaintiff cannot express opinion or concern without judgement) the meeting ended with Ashley Horak stating, "the schedules will stand." This was the only "On-Call" meeting Dr. Suarez attended, and he remained silent. I perceive this conduct as lacking "mutual respect", to myself and my family. And it feels like mobbing, a form of group (TXO = Dow Freeport) retaliation which Plaintiff has expressed since December 2018. Plaintiff believes that Dow also has a policy for employees not covering back-to-back Holidays.

4

14. On May 5, 2021, Plaintiff was told the one on one meetings were to coach Dr. Suarez (not provide support for her) and that they would be going over her job responsibilities. Plaintiff was hired as a Health Service Manager; to the contrary, her actual job responsibilities are of Health Service Manager the same as Ed Chapa and Ashley Horak who are in the Freeport site along Dr. Suarez.

15. These two comparators are significantly younger than Plaintiff. (at least 9-12 years younger than Plaintiff). Dr. Suarez treats Mr. Chapa and Ms. Horak considerably more favorably than Plaintiff.

16. Plaintiff received a revised 2020 performance review on May 19, 2021, from Dr. Suarez, approved by corporate HR, which still alleges that Plaintiff had performance issues (review indicates communication, teamwork & delegation, and prioritizing - none of which have be addressed at time of incidents in 2020 or 2021. This was an unexpected, deflating 2020 review). A job description for core responsibilities was provided with specific role expectations, outside the core responsibility of Dow's midlevel's Health Service Manager's (HSM) job description, as well as Plaintiff's annual collaborative agreement. Plaintiff's job description is now individualized, stating "I am to review and collaborate ALL case management decisions with Dr. Suarez". My 2020 review does not indicate she has any measurable performance issue. None of the other midlevels are required to attend these retrainings. Amanda Jones, 9 years younger, (contract NP) was transitioned to a Dow NP HSM role by Dr. Suarez and Ashley. She did basic training with Nathan Britt, while Plaintiff did "RETRAINING" with Ericka Pate.

17. Plaintiff continued to receive disciplinary action (punishment) through assignments (no mention of measurable improvement for subpar performance). EH&S OH Upper leadership (Mary Draves) approved and supported "retraining" of clinical skills in June 2021 at St. Charles

5

Operations. Dr. Suarez does not require this of the younger employees. Plaintiff has been the contention of gossip from the MD, 17 years younger than her, the PA's, Ashley, the newly appointed PL (without a job posting); she is 14 years younger, and Ed, 12 years younger than her. Now, after 3 years in the HSM role, Plaintiff is to receive training on some OH roles and the various roles within the OH. department. This process is humiliating and belittling in addition Dr. Suarez ask if she understands or have questions repetitively, as if she had an intellectual deficit.

18. Defendant discriminated against Plaintiff based on her age and retaliated against her in violation of the TCHRA. Plaintiff filed her EEOC charge while still employed with Defendant. After Defendant received notice of Plaintiff's EEOC charge, Defendant continued to target and discriminate against Plaintiff based on her age and her EEOC Charge. Ultimately, Plaintiff's last day of work was on July 25, 2022.

## VII. CAUSES OF ACTION

### COUNT ONE: AGE DISCRIMINATION UNDER TCHRA

19. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

20. Defendant intentionally engaged in unlawful employment practices against Plaintiff because of her age (i.e., fifty-three (53) years old).

21. Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment; or, limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive her of any employment opportunity or adversely affect her status because of Plaintiff's age (i.e., fifty-three (53) years old), in violation of the TCHRA, Tex. Lab. Code § 21.056 et seq.. As a result of Defendant's discrimination, Plaintiff suffered damages (in an amount that is within the jurisdictional limits of this Court).

## COUNT TWO: RETALIATION UNDER TCHRA

22. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

23. Plaintiff engaged in activities protected by applicable federal and state law, namely, reported discrimination at the hands of Defendant on the basis of age. Plaintiff filed a charge of discrimination asserting age discrimination and retaliation on December 10, 2021. After Defendant received notice of Plaintiff's EEOC charge, her work environment worsened, and she was targeted and discriminated against based on her protected activity.

24. Defendant intentionally retaliated against Plaintiff because of the said complaints of age discrimination made to Defendant prior by terminating Plaintiff. After months of direct retaliation for filing an EEOC charge; Plaintiff's last day was July 25, 2022.

## VIII.   JURY DEMAND

25. Plaintiff demands a jury trial on all issues to be tried in this matter Plaintiff submits the jury demand and herein submits the required jury fee.

## IX.   PRAYER

26. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have judgment against Defendant for:

   a. All damages to which Plaintiff may be entitled pursuant to this Original Petition or any amendments hereto, including, but not limited to, back pay, future wages, and compensation for benefits not received;

   b. Compensatory damages, including, but not limited to, emotional distress;

   c. Past, present, and future physical pain and mental suffering;

   d. Punitive damages;

7

e. Reasonable attorneys' fees, as allowed by law;

f. Pre-judgment interest at the highest rate permitted by law;

g. Post-judgement interest from the judgement until paid at the highest rate permitted by law;

h. Costs of Court; and

i. Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Original Complaint or by any proper amendments thereto.

Respectfully submitted,

**Alfonso Kennard, Jr.**
Texas Bar No. 24036888
alfonso.kennard@kennardlaw.com
**Eddie Hodges, Jr.**
Texas Bar No. 24116523
Eddie.hodges@kennardlaw.com
Kennard Law, P.C.
5120 Woodway Drive, Suite 10010
Houston, Texas 77056
Tel: (713) 742-0900
Fax: (832) 558-9412
filings@kennardlaw.com
**ATTORNEYS FOR PLAINTIFF**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Eddie Hodges on behalf of Alfonso Kennard
Bar No. 24036888
eddie.hodges@kennardlaw.com
Envelope ID: 80377773
Filing Code Description: Petition
Filing Description: Petition ($350.00)
Status as of 10/9/2023 11:21 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Alfonso Kennard | | filings@kennardlaw.com | 10/9/2023 11:09:53 AM | SENT |
| Alfonso Kennard | | Alfonso.kennard@kennardlaw.com | 10/9/2023 11:09:53 AM | SENT |
| Eddie RobertHodges Jr | | eddie.hodges@kennardlaw.com | 10/9/2023 11:09:53 AM | SENT |