**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CHRISTY THOMAS BUNKER, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-04372 |
| | § | |
| THE DOW CHEMICAL COMPANY, | § | |
| *Defendant*. | § | |

**DEFENDANT THE DOW CHEMICAL COMPANY'S MOTION TO DISMISS AND
BRIEF IN SUPPORT**

Defendant The Dow Chemical Company ("Dow") moves to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Dow respectfully requests that this Court dismiss Plaintiff's claims with prejudice for the reasons set forth more fully in the accompanying brief.

## INTRODUCTION

Plaintiff Christy Bunker has filed a claim against her former employer, The Dow Chemical Company ("**Dow**"), for alleged violations of the Texas Commission on Human Rights Act ("**TCHRA**"). Specifically, Plaintiff alleges that in 2021 she was subjected to discriminatory treatment and retaliation based on her age. But Plaintiff's complaint is fatally flawed: she failed to properly exhaust her administrative remedies. No act can now cure this fundamental defect in Plaintiff's complaint. Accordingly, Plaintiff's complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for her failure to state a claim upon which relief may be granted.

## BACKGROUND

Plaintiff is a former Dow employee. She began her employment with Dow in 2018. (Compl. ¶ 8.) Plaintiff alleges on December 10, 2021, she filed a Charge of Discrimination with the EEOC only, which alleged the latest date of discrimination as July 21, 2021. (**Exhibit A**,

EEOC Charge.)[1]  Plaintiff originally filed a lawsuit against Dow alleging violations of the federal Age Discrimination in Employment Act in April 2022 in the United States District Court for the Southern District of Texas, Houston Division, captioned *Christy Thomas Bunker v. The Dow Chemical Company*, Case No. 4:22-cv-01096.  That case was dismissed on August 8, 2023, for Plaintiff's failure to prosecute the case.

After failing to perfect an appeal of that dismissal, Plaintiff sued Dow in state court in Harris County, Texas on October 9, 2023.  Plaintiff now alleges age discrimination in violation of the TCHRA based on the same operative facts.  Dow was served with that complaint on October 25, 2023, and timely removed the case to this Court on November 20, 2023.

<strong>STANDARD OF REVIEW</strong>

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes dismissal of a complaint which fails to state a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).  A court should dismiss a claim under Rule 12(b)(6) when the complaint fails to contain enough facts to state a claim to relief that is plausible on its face.  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  A motion to dismiss for failure to state a claim under Rule 12(b)(6) is a valid means to raise a failure to exhaust defense when the failure is established by the pleadings and other properly considered documents.  *Doe v. Univ of Tex. M.D. Anderson Cancer Ctr.*, 653 F. Supp. 3d 359, 371 (S.D. Tex. 2023).

In considering a motion to dismiss, it is appropriate for the Court to consider the contents of the pleadings, as well as any attachments to the plaintiff's complaint.  *Tellabs, Inc. v. Makor*

---

[1] Even though Plaintiff failed to attach her EEOC Charge to her Complaint, it is explicitly referenced in her Complaint and central to the analysis of Dow's Motion to Dismiss.  *See Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766-67 (5th Cir. 2016) (noting that documents referenced in a plaintiff's complaint that are central to her complaint may be considered by a court at the motion to dismiss stage if attached to the motion by the defendant).  Therefore, Dow is attaching the Charge hereto as **Exhibit A**.

*Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (citing 5B Wright & Miller § 1357 (3d ed. 2004 and

Supp. 2007)); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).   In

addition, a court should also consider documents attached by the defendant to its motion to dismiss,

if the documents are referred to in the plaintiff's complaint and are central to her claim.   *Collins,*

224 F.3d at 498–99 (citing *Venture Assocs. Corp. v. Zenith Data Sys. Corp.,* 987 F.2d 429, 431

(7th Cir. 1993)); *see also In re Anadarko Petroleum Corp. Class Action Litig.,* 957 F. Supp. 2d

806, 815 (S.D. Tex. 2013) (Ellison, J.) (noting that the "Fifth Circuit allows the court to consider

certain documents attached to the motion to dismiss" if such documents are "referenced in the

complaint and central to the plaintiff's claim.").

## ARGUMENT

### A.   PLAINTIFF   FAILED   TO   EXHAUST   HER   MANDATORY ADMINSTRATIVE REMEDIES, WHICH BARS HER CLAIMS.

Plaintiff alleges she was discriminated against in violation of the TCHRA.  (Compl. ¶¶ 19-

24.)  The TCHRA requires an aggrieved employee to file a complaint with the Texas Workforce

Commission ("**TWC**") within 180 days of the alleged discriminatory act.  TEX. LAB. CODE §

21.202.  A plaintiff must file a complaint with the TWC before they may bring a civil action under

the TCHRA.  *Howe v. Yellowbook, USA*, 840 F. Supp. 2d 970, 978 (N.D. Tex. 2011).  Importantly,

it is not enough under the TCHRA for a plaintiff to meet these deadlines by filing a charge of

discrimination with the EEOC—the plaintiff must either request the EEOC send a copy of the

charge to the TWC or file a complaint directly with the TWC.  *Howe*, 840 F. Supp. 2d at 978;

*Boone v. Union Carbide Corp.*, 205 F. Supp. 2d 689, 692–93 (S.D. Tex. 2002); *Smith v. Univ. of

Tex. Sw. Med. Ctr. of Dallas*, 101 S.W.3d 185, 188 (Tex. App.—Dallas 2003, no pet.); *see Gorman

v. Verizon Wireless Tex., L.L.C.*, 753 F.3d 165, 169 n.1 (5th Cir. 2014).  It is the plaintiff's burden

to present evidence that they have met these administrative prerequisites to filing suit.  *Smith*, 101

S.W.3d at 188–89.

      Plaintiff has failed to exhaust her mandatory administrative remedies.  While Plaintiff filed

a charge of discrimination with the EEOC, she has not filed a complaint with, or had her EEOC

charge sent to, the TWC.  The face of her charge makes this clear:

| EEOC Form 5 (11/09) | | | |
|---|---|---|---|
| **CHARGE OF DISCRIMINATION**<br>This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☐ EEOC | Agency(ies) Charge No(s):<br>**460-2021-03108** | and EEOC |
| State or local Agency, if any | | | |
| Name (indicate Mr., Ms., Mrs.)<br>Ms. Cristy N. Thomas Bunker | | Home Phone (incl. Area Code)<br>8323812129 | Date of Birth<br>12/18/1967 |

(Ex. A, at 1.)  Plaintiff did not identify the TWC as a recipient of her charge, nor does the substance

of her charge request the EEOC to send it to the TWC.  (*Id.*)

      In addition, Plaintiff only alleges in her complaint that she filed a charge of discrimination

with the EEOC, but conspicuously does *not* allege she filed anything with the TWC.  (Compl. ¶

7.)  Plaintiff then tries to pass this off as proper exhaustion of administrative remedies.  (*Id.*)  It is

not.  Plaintiff was required to file her charge specifically with the TWC within 180 days of the

alleged discriminatory acts.  Given that the alleged acts occurred over two years ago, the period to

file such a charge has long passed and thus, cannot be cured.  Plaintiff has failed to properly exhaust

her administrative remedies.  Her claims should be dismissed.

      **B.**     **THE ALLEGED DISCRIMINATORY CONDUCT OCCURRED OUTSIDE OF THE 180 DAY WINDOW PROVIDED BY THE TCHRA.**

      Even if Plaintiff properly exhausted her administrative remedies (she did not), Plaintiff's

claims still fail as the discriminatory conduct she alleges occurred more than 180 days before the

date of her EEOC Charge.  A complaint for employment discrimination "must be filed not later

than the 180th day after the date the alleged unlawful employment practice occurred."  TEX. LAB.

CODE § 21.202.  Therefore, a charged filed more than 180 days after the occurrence of an alleged unlawful employment practice under the TCHRA is time-barred.  *See Clark v. Champion Nat'l Security, Inc.*, 952 F.3d 570, 586 n.65 (5th Cir. 2020) (citations and quotations omitted).

Plaintiff alleges that she filed her Charge of Discrimination on December 10, 2021. (Compl. ¶ 7.)  Thus, any discriminatory conduct that occurred prior to June 13, 2021 (180 days) is time-barred.  The conduct referenced in Plaintiff's complaint beginning in 2020 through May 2021 is untimely and cannot now be the subject of litigation under the TCHRA.  The last date Plaintiff alleges any discriminatory conduct occurred, which involved "retraining," is vaguely referenced as having took place in "June 2021." (*Id.* ¶ 17.)  Such vague allegations do not comply with federal pleading standards and show Plaintiff cannot establish she timely exhausted her administrative remedies.  As such, this Court should dismiss Plaintiff's complaint.

## CONCLUSION

For the reasons discussed above, Plaintiff's claims against Dow are barred for failure to timely exhaust required administrative remedies.  Plaintiff did not file a complaint with the TWC, and the time to cure this defect has long passed.  Plaintiff's claims are also time-barred, as they occurred more than 180 days before she filed her EEOC Charge (to the extent that could arguably be said to have met Plaintiff's exhaustion requirement).  Accordingly, this Court should dismiss all of Plaintiff's claims against Dow with prejudice.

Dated:  November 27, 2023                    Respectfully submitted,

OF COUNSEL:                                  JORDAN, LYNCH & CANCIENNE PLLC

JORDAN, LYNCH & CANCIENNE             By:  */s/ Kevin Jordan*_____
PLLC                                              Kevin Jordan
                                                  Attorney-in-Charge
Brittainie Zinsmeyer                              Federal ID No. 30572
Federal ID No. 3700019                            1980 Post Oak Blvd., Suite 2300
State Bar No. 24115981                            Houston, Texas 77056
1980 Post Oak Blvd., Suite 2300                   Telephone: 713.955.4022
Houston, Texas 77056                              Facsimile: 713.955.9644
Telephone: 713.955.4022                           kjordan@jlcfirm.com
Facsimile: 713.955.9644
bzinsmeyer@jlcfirm.com                       ATTORNEYS FOR DEFENDANT
                                             THE DOW CHEMICAL COMPANY


# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to all known counsel pursuant to the Federal Rules of Civil Procedure on November 27, 2023.


*/s/ Kevin Jordan*_____
Kevin Jordan