## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **CHRISTY THOMAS BUNKER,** | § | |
| | § | |
| | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:23-cv-04372** |
| | § | |
| **THE DOW CHEMICAL COMPANY,** | § | |
| | § | |
| *Defendant.* | § | |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Plaintiff, Christy Thomas Bunker, files this Response in Opposition to Defendant, The Dow Chemical Company's (hereinafter "Defendant" or "DOW"), 12(b)(6) Motion to Dismiss, and will show this Court as follows**:**

### I. STATEMENT OF CASE

On October 9, 2023, Plaintiff filed her lawsuit against Defendant asserting claims of age discrimination and retaliation under Chapter 21 of the Texas Labor Code ("TCHRA"). Prior to filing her lawsuit, Plaintiff's claims were dismissed <u>without</u> prejudice, thereafter Plaintiff timely filed this lawsuit asserting claims under the Texas Labor Code. Defendant now asks this Court to dismiss Plaintiff's TCHRA claims for not exhausting her administrative remedies by filing a charge with the TWC. Plaintiff timely filed her EEOC within 180 days of the last discriminating act and her charge specifically states the acts were continuing. *See* <u>Defendant's Ex. A pg. 4 ¶ 9</u>. Moreover, the EEOC and TWC have a worksharing agreement, which means any complaint filed with

the EEOC also initiates proceedings with the TWC without further action from the Charging Party. Therefore, Defendant's Motion is misplaced. Lastly, Defendant did not attempt to confer prior to filing its Motion.

## II. ARGUMENT

Rule 12(b)(6) motions to dismiss are disfavored and rarely granted. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). Rule 12(b)(6) allows parties to seek dismissal of a lawsuit for failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint against the legal standard set forth in Rule 8, requiring "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

"To survive dismissal, a plaintiff must plead 'enough facts to state a claim for relief that is plausible on its face.'" *Id.* at 503 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556); *see also Thompson v. City of Waco*, 764 F.3d 500, 503 (5th Cir. 2014). (when evaluating plausibility, the court does not "evaluate the plaintiff's likelihood of success" (internal quotation marks omitted)).

The Fifth Circuit has stated, Rule 12(b)(6) motions to dismiss are "'viewed with disfavor and [are] rarely granted.'" *IberiaBank Corp. v. Ill. Union Ins. Co.*, 953 F.3d 339, 345 (5th Cir. 2020) (quoting *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013)).). Finally, when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court must examine the complaint to determine whether the allegations provide relief on any possible theory. *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir.1994)."

Many of the facts that Defendant seeks for purposes of clarification are properly obtained through discovery, including interrogatories, production, and depositions. Under the Notice – pleading standard, Plaintiff does not have to set forth all of the facts in the Complaint. The instant Complaint established discriminatory acts that occurred after June 13, 2021, her protected activity (i.e. EEOC charge) and termination of employment date in 2022. Accordingly, Defendant's Motion under FRCP 12(b)(6) should properly be **DENIED**, so that discovery can proceed.

Defendant asserts in its Motion "Plaintiff has failed to exhaust her mandatory administrative remedies. While Plaintiff filed a charge of discrimination with the EEOC, she has not filed a complaint with, or had her EEOC charge sent to, the TWC." Dkt. 3 pg. 4. Defendant argues to this Court that Plaintiff is required to request the EEOC to send her Charge to the TWC, which is a wholly incorrect analysis of the law and the purpose of the workshare agreement. *Id.*

The EEOC and TWC have a worksharing agreement such that any complaint filed with the EEOC also initiates proceedings with the TWC. *See Marquis v.*

3

*Omniguide, Inc.,* 714 F. Supp. 2d 640, 644 (N.D. Tex. 2010) (Fitzwater, C.J.) (citing *Price v. Phila. Am. Life Ins. Co.,* 934 S.W.2d 771, 773-74 (Tex. App.—Houston [14th Dist.] 1996, no writ)). In 1989, the EEOC and the TCHR entered into a Worksharing Agreement ("EEOC/TCHR Agreement") that was designed to minimize duplication of effort in the processing of charges between the two agencies. *Vielma v. Eureka Co.,* 218 F.3d 458, 462 (5th Cir. 2000). In the EEOC/TCHR Agreement, both the EEOC and the TCHR designate each other as agents for the purpose of receiving charges. *Vielma,* 218 F.3d at 462. The Fifth Circuit has held that, as a result of the EEOC/TCHR Agreement, a complaint filed with the EEOC will also be considered filed with the TCHR. *Vielma,* 218 F.3d at 462-63 ("[W]hen a complainant files her initial charge with the EEOC, her charge will also be filed with the TCHR."); *Griffin v. City of Dallas,* 26 F.3d 610, 612 (5th Cir. 1994) ("[U]pon the EEOC's receipt of [a] complaint, the TCHR, for all legal and practical purposes, receive[s] the complaint."). Jackson v. Univ. of Tex. M.D. Anderson Cancer Ctr., 172 F. Supp. 2d 860 (S.D. Tex. 2001).

Here, it is clear that Plaintiff has adequately exhausted her administrative remedies prior to filing this lawsuit on October 9, 2023. Plaintiff filed a complaint with the EEOC on December 10, 2021, which is considered dual-filed with the TWC. Plaintiff allowed the administrative agency to dismiss or resolve within 180 days and filed this lawsuit before her two-year deadline (December 10, 2023). Tex. Lab.Code §§ 21.201–202, 208, 256*; Rice v. Russell– Stanley, L.P*., 131 S.W.3d 510, 513 (Tex.App.-Waco 2004, pet. denied) (holding Employee was not required to present evidence that he received a right-to-sue

letter from the Texas Commission on Human Rights (TCHR) in order to maintain his state law-based age discrimination claim against his employer, because right-to-sue letter was not part of the exhaustion of administrative remedies requirement). Plaintiff has asserted facts that relate to her age discrimination and retaliation claim that occurred after June 13, 2021 (i.e. her EEOC charge as protected activity and her termination of employment date in 2022), thus she asserts the alleged discriminatory conduct happened within the 180-day window provided by TCHRA. Therefore, Defendant's Motion lacks any merit and this Court should **DENY** the Motion.

### III. CONCLUSION

Alternatively, Plaintiff seeks leave to cure any pleading defects related to facts of discriminatory acts, which occurred within the TCHRA window. Taking all facts liberally in favor of Plaintiff it is clear (i) Plaintiff timely filed this lawsuit within two years of her EEOC charge (which was dual filed with the TWC); and (ii) Plaintiff has asserted facts of discriminatory acts that occurred within the 180-day window. Accordingly, this Court should **DENY** Defendant's Motion and allow the case to proceed with the discovery.

Respectfully submitted,

**Kennard Law P.C.**

Eddie Hodges Jr.
Texas Bar No. 24116523
Southern District No. 3479748
Eddie.Hodges@kennardlaw.com
Alfonso Kennard Jr.
Texas Bar No. 24036888
Southern District No.: 713316
Alfonso.Kennard@kennardlaw.com

filings@kennardlaw.com
Kennard Law, P.C.
5120 Woodway Dr., Suite 10010
Houston, Texas 77056
Tel: (713) 742-0900
Fax: (832) 558-9412

### CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all CM/ECF participants.

Kevin Jordan
Attorney-in-Charge
Federal ID No. 30572
1980 Post Oak Blvd., Suite 2300
Houston, Texas 77056
Telephone: 713.955.4022
Facsimile: 713.955.9644
kjordan@jlcfirm.com

Brittainie Zinsmeyer
Federal ID No. 3700019
State Bar No. 24115981
1980 Post Oak Blvd., Suite 2300
Houston, Texas 77056
Telephone: 713.955.4022
Facsimile: 713.955.9644
bzinsmeyer@jlcfirm.com

*/s/ Eddie Hodges Jr.*
Eddie Hodges Jr.

6