IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTY THOMAS BUNKER, | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-04372 |
| | § | |
| THE DOW CHEMICAL COMPANY, | § | |
|    *Defendant*. | § | |

**DEFENDANT THE DOW CHEMICAL COMPANY'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Plaintiff's Response to Dow's Motion to Dismiss underscores Plaintiff's misapprehension of the law. Plaintiff acknowledges she did not request that the EEOC send her Charge to the TWC. Accordingly, Plaintiff has failed to exhaust her administrative remedies with the TWC. The Workshare Agreement between the EEOC and TWC is of no consequence here, which Plaintiff's own caselaw recognizes, because Plaintiff only filed her Charge with the EEOC and she never directed that it also go to the TWC. Finally, even if Plaintiff could be said to have exhausted her administrative remedies, she does nothing to assert that her claims of conduct occurring after June 2021 are factually sufficient to survive dismissal. For all of these reasons, Plaintiff's Complaint should be dismissed.

   **A. Filing a Charge with the EEOC does not automatically satisfy the TCHRA filing requirements.**

Plaintiff's claim that her EEOC Charge alone satisfies the filing requirements under the TCHRA based upon the existence of a Workshare Agreement between the EEOC and TWC is simply wrong:

> [Plaintiff's] argument is too narrow: she avers that she "timely and properly reported her claim to the EEOC." She then refers to the Worksharing Agreement between the EEOC and the Commission,

>and she equates her reporting to the EEOC with reporting to the Commission. Even if this notion of automatic dual reporting were supported by the facts and the law—and we seriously question whether it is—merely reporting a claim to the EEOC is not equivalent to exhausting administrative remedies with the Commission.

*Smith v. Univ of Tex. Sw. Med. Ctr. of Dall.*, 101 S.W.3d 185, 188 (Tex. App.—Dallas 2003, no pet.).

Indeed, an analysis of the caselaw Plaintiff cites shows that filing a charge with the EEOC does not mean that it is also automatically filed with the TWC. Rather, while a Workshare Agreement does exist, Plaintiff must still request that her charge be shared among the agencies. As Plaintiff's own authority states: "A complaint filed with the Equal Employment Opportunity Commission ('EEOC') . . . *and forwarded by the EEOC to the TWC*, satisfies the filing requirements of the TCHRA." *Marquis v. Omniguide, Inc.*, 714 F. Supp. 2d 640, 644 (N.D. Tex. 2010) (emphasis added) (citing *Price v. Phila. Am. Life Ins. Co.*, 934 S.W.2d 771, 773 (Tex. App.—Houston [14th Dist.] 1996 (no writ.)) ("The EEOC Form 5, 'Charge of Discrimination' was addressed to both TCHR and EEOC.").

Plaintiff was required to address her complaint to both agencies for the Charge to be forwarded to the TWC. As the court in Plaintiff's *Griffin v. City of Dallas* stated, "Under the plain terms of this [Workshare Agreement], when Mr. Griffin filed his discrimination complaint with the EEOC–*a complaint which was also addressed to the TCHR*–the EEOC accepted that complaint, not only for its own purposes, but also for the purposes of the TCHR." 26 F.3d 610, 612–13 (5th Cir. 1994) (emphasis added).

Plaintiff's reliance on *Vielma v. Eureka Co.*, 218 F.3d 458, 462 (5th Cir. 2000) is also misplaced. "Relying on *Vielma*, [Plaintiff] asserts that under the Workshare Agreement between the EEOC and the Commission, the charge she filed with the EEOC was filed with the

2

Commission. However, in *Vielma*, there was evidence that the Commission had received plaintiff's charge." *Howe v. Yellowbook, USA*, 840 F. Supp. 2d 970, 978 (N.D. Tex. 2011) (holding there must be evidence beyond the existence of the Workshare Agreement that a Charge was actually filed with the TWC.).

Plaintiff presented no evidence that her Charge was received by the TWC; in fact, her Charge shows the opposite. There are two areas on Plaintiff's Charge where she could have indicated she wanted it sent to the TWC: one at the top, where it states: "State or local Agency, if any and the EEOC" which would require her to list the TWC, and one at the bottom, where Plaintiff can check a box next to "I want this charged filed with both the EEOC and the State or local Agency, if any." (*See* ECF 3-1, Dow's Motion to Dismiss, Ex. A at 1.) Plaintiff did not indicate in either section that she wanted her Charge sent to the TWC.

Plaintiff has provided no evidence or legal support to show that she satisfied the exhaustion of administrative remedies requirement under the TCHRA. This is Plaintiff's burden. Her Complaint must therefore be dismissed.

**B. Plaintiff's allegation regarding the 180-day limit is insufficient.**

Plaintiff's also fails to show that her claims are properly within the 180-day window under the TCHRA. TEX. LAB. CODE § 21.202. Plaintiff half-heartedly argues that she alleges facts that occurred after June 13, 2021, namely that she filed an EEOC charge and that her employment ended in 2022. But what Plaintiff failed to do in her complaint, and once again fails to do here, is allege any *actual* conduct that could raise an inference of discrimination after June 13, 2021. Plaintiff merely states in conclusory fashion that Dow "continued to target and discriminate against Plaintiff based on her age and her EEOC Charge." (Compl. ¶ 18.) When analyzing a motion to dismiss, courts "do not accept as true legal conclusions, conclusory statements, or naked assertions

3

devoid of further factual enhancement." *Guerra v. Castillo*, 82 F.4th 278, 284 (5th Cir. 2023). The whole of Plaintiff's allegations post-June 13, 2021 are conclusory statements which are devoid of further factual enhancement. There is not enough for her claims to survive, and the time to cure her defects is well passed. Plaintiff's Complaint should be dismissed for this additional reason.

For these reasons and those articulated in Dow's opening Brief, this Court should dismiss Plaintiff's Complaint with prejudice.

|  |  |
|---|---|
| Dated:  December 13, 2023 | Respectfully submitted, |
| OF COUNSEL: | JORDAN, LYNCH & CANCIENNE PLLC |
| JORDAN, LYNCH & CANCIENNE PLLC | By:  */s/ Kevin Jordan* |
|  | Kevin Jordan |
| Brittainie Zinsmeyer | Attorney-in-Charge |
| Federal ID No. 3700019 | Federal ID No. 30572 |
| State Bar No. 24115981 | 1980 Post Oak Blvd., Suite 2300 |
| 1980 Post Oak Blvd., Suite 2300 | Houston, Texas 77056 |
| Houston, Texas 77056 | Telephone: 713.955.4022 |
| Telephone: 713.955.4022 | Facsimile: 713.955.9644 |
| Facsimile: 713.955.9644 | kjordan@jlcfirm.com |
| bzinsmeyer@jlcfirm.com |  |
|  | ATTORNEYS FOR DEFENDANT |
|  | THE DOW CHEMICAL COMPANY |
| WARNER NORCROSS + JUDD LLP |  |
| Edward J. Bardelli (*pro hac vice* pending) |  |
| Amanda M. Fielder (*pro hac vice* pending) |  |
| Janelle E. Shankin (*pro hac vice* pending) |  |
| 1500 Warner Building |  |
| 150 Ottawa Ave., NW |  |
| Grand Rapids, Michigan 49503 |  |
| 616.752.2165 |  |
| ebardelli@wnj.com |  |
| afielder@wnj.com |  |
| jshankin@wnj.com |  |

## CERTIFICATE OF SERVICE

 I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to all known counsel pursuant to the Federal Rules of Civil Procedure on December 13, 2023.

        */s/ Kevin Jordan*
        Kevin Jordan