United States District Court
Southern District of Texas
**ENTERED**
January 03, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTY BUNKER, | § § § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-23-4372 |
| | § | |
| THE DOW CHEMICAL COMPANY, | § § | |
| Defendant. | § § § § | |

**MEMORANDUM AND ORDER OF DISMISSAL**

Christy Bunker sued The Dow Chemical Company in state court for age discrimination and retaliation under the Texas Commission on Human Rights Act. (Docket Entry No. 1). Dow timely removed and moved to dismiss on the basis that Ms. Bunker had failed to exhaust her administrative remedies because she did not file a complaint with the Texas Workforce Commission before filing suit. (Docket Entry No. 3). Ms. Bunker responds that because she timely filed a complaint with the Equal Employment Opportunity Commission, and the EEOC and TWC have a work-sharing agreement, she did not need to take any further action with the TWC in order to exhaust her remedies. (Docket Entry No. 9).

Based on the motion to dismiss, the record, and the relevant law, the court grants Dow's motion to dismiss with prejudice. The reasons for this ruling are set out below.

**I.     The Legal Standard for Dismissal**

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to

relief." Fed. R. Civ. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

To withstand a Rule 12(b)(6) motion, a complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Lincoln v. Turner*, 874 F.3d 833, 839 (5th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (alterations omitted) (quoting *Twombly*, 550 U.S. at 558).

A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial

notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

**II.	Analysis**

Claims brought under the Texas Commission on Human Rights Act, as under the federal Age Discrimination in Employment Act, must first be presented to the state and federal agencies. *Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500, 503 (Tex. 2012). A claim is exhausted if an individual files a timely complaint with the Equal Employment Opportunity Commission, the claim is dismissed by that agency, and the agency informs her of her right to sue in federal court. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002). In states, such as Texas, that have their own administrative procedures, employees must comply with their state's administrative rules and timing and must also file their claim with the EEOC within 300 days from the date of an alleged discriminatory act. *See Heath v. Bd. of Supervisors for S. Univ. & Agric. & Mech. Coll.*, 850 F.3d 731 (5th Cir. 2017), *as revised* (Mar. 13, 2017); *Matthews v. City of Houston Fire Dep't*, 609 F. Supp. 2d 631, 642 (S.D. Tex. 2009).

Filing is not a jurisdictional prerequisite, but a pre-condition to filing suit. *Coke v. Gen. Adjustment Bureau, Inc.*, 640 F.2d 584 (5th Cir. 1981). If a plaintiff does not file a claim within that period, the claim is barred. *Barrow v. New Orleans Steamship Association*, 932 F.2d 473, 476–477 (5th Cir. 1991). The lawsuit allegations must fall within the scope of the administrative charge. *Pacheco v. Mineta*, 448 F.3d 783, 788–89 (5th Cir. 2006). District courts are to "construe[] an EEOC complaint broadly but in terms of the administrative EEOC investigation that can reasonably be expected to grow out of the charge of discrimination." *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008) (internal quotation marks omitted).

Ms. Bunker filed a claim with the EEOC, but not with the corresponding Texas agency, the TWC. Ms. Bunker argues that because the EEOC and TWC "designate each other as agents for the purpose of receiving charges . . . a complaint filed with the EEOC will also be considered filed with the [TWC]." (Docket Entry No. 9 at 4). But the case law Ms. Bunker cites reveals that there is a crucial additional step for a complaint filed with the EEOC to be considered filed with the TWC. The complaint must be "also addressed to the TCHR" or relevant state agency, *Griffin v. City of Dallas*, 26 F.3d 610 (5th Cir. 1994), and must be "forwarded by the EEOC to the TWC[.]" *Marquis v. Omniguide, Inc.*, 714 F. Supp. 2d 640, 644 (N.D. Tex. 2010). Merely filing a complaint with the EEOC is insufficient for the complaint to be considered filed with the TWC.

Ms. Bunker's EEOC charge form shows that she left the address line for "State or local Agency, if any" blank. (Docket Entry No. 3-1 at 1). She also did not make any mark at the bottom of the form, where a party could request the charge be "filed with both the EEOC and the State or local Agency, if any." (Docket Entry No. 3-1 at 1). Because Ms. Bunker did not address the complaint to the TWC or indicate that she wanted the EEOC to forward the complaint to the TWC, her EEOC complaint cannot be considered filed with the TWC.

Because Ms. Bunker failed to timely file her complaint with the TWC and cannot cure the defect two years after the fact, her claims under the Texas Commission on Human Rights Act must be dismissed with prejudice. This case is closed.

SIGNED on January 3, 2024, at Houston, Texas.

*Lee H. Rosenthal*
_____
            Lee H. Rosenthal
           United States District Judge